## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL SHARKEY** | * | **CIVIL ACTION NO.:** |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **PROGRESSIVE SECURITY** | * | |
| **INSURANCE COMPANY,** | * | **MAGISTRATE:** |
| **RICKY CLARKE JERMAIN,** | * | |
| **FREDERICK WILLIAMS, JR,** | * | |
| **JAMES RIVER INSURANCE** | * | |
| **COMPANY, and JAMES RIVER** | * | |
| **INSURANCE COMPANY (in its** | * | |
| **capacity as underinsured motorist** | * | |
| **carrier)** | * | |
| *Defendants* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL OF CIVIL ACTION
## UNDER 28 U.S.C. § 1441 (b) DIVERSITY JURISDICTION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TO THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that Defendant, James River Insurance Company, with full

reservations of any and all exceptions, rights, defenses, and objections, hereby gives notice of the

removal to this Court of the State Court Action described and, in support, states as follows:

### BACKGROUND

1.

James River Insurance Company was named a defendant in a civil action commenced on

November 13, 2019 in the Civil Judicial District Court for the Parish of Orleans, State of Louisiana,

entitled *Daniel Sharkey v. Progressive Security Insurance Company, Ricky Clarke Jermain,*

*Frederick Williams, Jr., James River Insurance Company, Rasier LLC, and James River Insurance*

*Company (in its capacity as underinsured motorist carrier),* Docket No. 2019-11910, Division "I".

2.

Attached hereto as Exhibit "A" is a copy of plaintiff's Petition for Damages.  Defendant will file a copy of all process, pleadings, notices and orders filed in the state court proceeding after removal in accordance with Local Rule 3.2.[1]

3.

Plaintiff, Daniel Sharkey, claims in her Petition for Damages that on or about November 18, 2018, that he was a guest passenger in a vehicle traveling in Orleans Parish, Louisiana, when a vehicle, driven by Ricky Clarke Jermain slammed into the vehicle he was a passenger in and fled the scene of the accident.[2] Plaintiff alleged Ricky Clarke Jermain was insured with Progressive Security Insurance Company ("Progressive") at the time of this accident.

4.

Plaintiff further alleges that James River Insurance Company had in full force and effect a policy of un-insured/underinsured motorist coverage on the vehicle he was operating at the time of the crash.[3]

5.

Plaintiff alleges that as a result of the collision he suffered personal and bodily injuries, mental anguish, inconvenience, and sustained medical bills.[4] Plaintiff is claiming injuries to his neck, back, shoulders, and arms.[5] Plaintiff is complaining of headaches, neck pain, lower back pain, and shoulder pain from the accident sued upon.[6] Plaintiff complains his neck pain radiates

---

[1] *See* Exhibit A, Plaintiff's Petition for Damages,
[2] *Id*.
[3] *Id*.
[4] *Id.*
[5] *See* Exhibit B, Deposition Excerpts of Plaintiff from September 23, 2020
[6] *Id.*

into his shoulder and arm.[7] Plaintiff admits he would consider surgery recommended by his treating neurologist Dr. Grossinger.[8]

6.

On October 9, 2020, Plaintiff indicated his intent to dismiss Progressive Security Insurance Company from this action.[9] The terms of the settlement and dismissal with Progressive Security Insurance Company are the insured of Progressive, Ricky Clarke Jermain, along with Progressive will be dismissed for full prejudice in exchange for the policy limits of $50,000, the per person limit of bodily injury insurance of Ricky Clarke Jermain, the Progressive insured.[10] Accordingly, the only remaining defendant to this suit who is properly joined and served is Defendant, James River, citizen of Ohio and Virginia.

## DIVERSITY OF CITIZENSHIP

7.

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based upon diversity of citizenship. The only parties remaining in this action are Plaintiff, Daniel Sharkey (PA), and Defendants, James River Insurance Company (OH and VA) and Frederick Williams (LA). However, Frederick Williams has not been properly joined in this action because he has not been served with the citation and pleadings for the eleven months this action has been proceeding in state court.

8.

---

[7] *Id.*
[8] *Id.*
[9] *See* Exhibit C, Plaintiff's Counsel's Correspondence to undersigned indicating his settlement with Progressive Security Insurance Company.
[10] *Id.*

3

Upon information and belief and as alleged, Plaintiff, Daniel Sharkey is a resident, domiciliary, and citizen of the County of Lehigh, State of Pennsylvania, both at the time of filing of this suit and at the time of removal.[11]   Accordingly, Plaintiff is a citizen of Pennsylvania.

9.

James River is and was incorporated in Ohio and maintains its principal place of business in Richmond, Virginia, both at the time of the filing of this suit and at the time of removal. Accordingly, James River is a citizen of Ohio and Virginia.

10.

Defendants, Frederick Williams, Jr. and Ricky Clarke Jermain are not properly joined and served in this action; therefore, their consent to this removal is not required.

11.

Progressive Security Insurance Company consents to this removal; however, their consent is also not required as they have settled Plaintiff's claims against and they have agreed with Plaintiff's counsel to be dismissed from this action once their settlement is perfected.

## AMOUNT IN CONTROVERSY

12.

Although James River denies liability to Plaintiff, upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. In the Petition for Damages, Plaintiff alleges he sustained severe and debilitating injuries including, but not limited to, injuries to her neck, back, shoulders, and arms.[12]

13.

---

[11] Exhibit A at introductory paragraph regarding plaintiff's status.
[12] Exhibit A.

A defendant shows, by preponderance of the evidence, that the jurisdictional amount under 28 U.S.C. §1332 is met in either of two ways: 1) when it is "facially apparent" from a reading of the complaint that the Plaintiff's claims are likely to exceed $75,000.00 or 2) when a Defendant can show through supporting, summary judgment-type evidence that the Plaintiff's claims are likely to exceed $75,000.00.[13]

14.

In this case, James River can show by summary judgment-type evidence that the amount in controversy is in excess of $75,000.00. Plaintiff has received discovery responses from Daniel Sharkey which indicate through summary judgment type evidence the amount in controversy in this action exceeds $75,000.00 as plaintiff's treating neurosurgeon, Dr. Grossinger, states he will personally administer blocks and should this treatment fail, plaintiff will be a surgical candidate.[14]

15.

Plaintiff's treatment presently for this accident is with a neurologist in the State of Pennsylvania named Dr. Grossinger. Plaintiff complains of radiating pain from his neck. Plaintiff initially treated with chiropractic treatment in this accident which plaintiff admitted in his

---

[13] *See Allen R. & H Oil & Gas Co.,* 63 F.3d 1335 (5th Cir. 1995); *Riley v. Wal-Mart Louisiana, LLC*, 15-5729, 2015 WL 9268160 (E.D. La. 12/21/15); *Davis v. State Farm Fire & Cas. Co.*, 06-560, 2006 WL 1581272 (E.D. La. 6/7/06); *Dautriel, et al v. Colgan Air Inc., et al,* 07-CV-1735, 2008 WL 652149 (W.D. La. 1/15/08).

[14] *See Perez v. State ex rel. Crescent City Connection, Div. of Dep't of Transp. & Dev.,* 753 So.2d 913, 914–15 (La.App. 4th Cir.2000) "[t]here in the record that Plaintiff has been recommended for surgery, the court must consider his request for general and special damages in whole, which Plaintiff alleges to include "pain and suffering, mental anguish and distress, medical expenses, lost wages and/or loss of earning capacity, disability and loss of enjoyment of life." (Petition, ¶ 8). Courts have awarded general damages to plaintiffs who had cervical and lumbar injuries, without surgeries, several times the amount of incurred medical expenses." ; *Profit v. IAT Ins. Grp.,* No. CV 18-10897, 2019 WL 1349846, at *2 (E.D. La. Mar. 26, 2019) "This Court holds that, without a surgical recommendation, the records produced on May 25, 2018 did not make it "unequivocally clear and certain" that the amount in controversy exceeded $75,000.[9] It was not until Plaintiff made a demand in the amount of $225,000 and indicated that she had received a surgical recommendation that it became clear that the jurisdictional minimum would be met. Accordingly, removal was not proper until Defendants received Plaintiff's settlement demand on October 16, 2018.Because the notice of removal was filed within 30 days of receipt of an "other paper" making it "clear and certain" the jurisdictional minimum had been met, removal was timely."

deposition did not provide the necessary relief of the pain. Therefore, plaintiff has begun treatment with a specialist in Pennsylvania named Dr. Grossinger. In February of 2020, Plaintiff underwent and EMG and Nerve Conduction Study which indicated Dr. Grrossinger "will be personally performing biweekly cervical translaminar blocks which will involve a total cost of $8,000 and should he fail injections he will be a candidate for multilevel cervical laminectomy, discectomy and fusion with titanium plates and allografts with a total estimate of $60,000".[15] The EMG /Nerve Conduction study was positive for moderate bilateral C6, C7 radiculopathy.[16]

16.

Further, the Petition for Damages does not state that there is a lack of jurisdiction in the United States District Court, as it is required to do under Louisiana Code of Civil Procedure article 893, if federal court jurisdiction is lacking.

17.

Additionally, in an attempt to confirm with Plaintiff's counsel that the amount in controversy currently in this action exceeds $75,000.00, undersigned counsel spoke with Plaintiff's counsel on October 9, 2020 requesting Plaintiff's counsel to stipulate his damages would not exceed $75,000 at the time of the removal; however, Plaintiff's counsel would not agree to stipulate to same as he expects his client may require an operation to his shoulder and possibly the lumbar operation recommended by Dr. Grossinger.

18.

Based on the foregoing, James River submits it is readily apparent from the Plaintiff's medical records cited herein as summary judgment type evidence that Plaintiff's alleged damages,

---

[15] *See* Exhibit D, Dr. Grossinger medical records for plaintiff, Daniel Sharkey, attached hereto.
[16] *Id.*

6

if proven as a matter of law and fact, would exceed the sum of $75,000.00 and Plaintiff cannot show that he is legally certain not to be able to recover that amount.

### REMOVAL IS PROPER

19.

Attached hereto as Exhibit "E" is a copy of all process, pleadings, and orders served upon James River as required by 28 U.S.C. § 1446 (a).

20.

The procedure for removal is governed, in part, by 28 U.S.C. § 1441(b)(2), which provides that "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served as defendant* is a citizen of the State in which such action is brought". While Frederick Williams, the soon to be only named defendant in this action from the State of Louisiana, has been named as a defendant in this action and is alleged to be domiciled in Louisiana at the time of the filing of this Notice of Removal, service has not been perfected on Frederick Williams. Under a plain reading of 1441(b)(2), Frederick Williams's alleged domicile does not prevent removal of the action to federal court based on diversity jurisdiction.[17] Further, any subsequent service perfected on Frederick Williams would not affect a federal court's diversity jurisdiction over this matter.[18]

21.

James River was placed on notice of Plaintiff's intentions of resolving this action with Progressive Security Insurance Company and Ricky Clarke Jermain on October 9, 2020 by way

---

[17] *See, Leech v. 3M Company, et al.*, 278 F. Supp. 3d 933, 941 (E.D. La. 2017); See also, *Harvey v. Shelter Ins. Co.*, 2013 WL 1768658 (E.D. La. 4/24/13).
[18] *Harvey,* supra at *3.

of email correspondence indicating the settlement of this action with the aforementioned parties.[19] Therefore, James River, pursuant to 28 U.S.C. § 1446(b)(3), has thirty (30) days from the date of its receipt of the "other paper" indicating or reflecting that this action has become removable.[20] James River admits this case was initially not removable because of the properly joined and served defendant, Progressive Security Insurance Company; however, once plaintiff indicated his intent to settle and dismiss this Defendant, this case became removable. Therefore, this removal is timely because it is within thirty (30) days of receipt of the "other paper".

22.

Finally, this Notice is timely filed within one (1) year of the filing of the Petition for Damages, November 18, 2019 in compliance with 28 U.S.C. § 1446 (b).

23.

The United States District Court for the East District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Orleans, where the suit was originally filed.  Venue, therefore, is proper in this district under 28 U.S.C. §1441 (a).

24.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a) in that this is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs,

---

[19] "[C]orrespondence between the parties and their attorneys or between the attorneys usually [is] accepted as [an] 'other paper' source[ ] that initiate [s] a new thirty-day period of removability.") Moreover, the letter in this case complies with our rule that "other paper" must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction. *Addo v. Globe Life & Acc. Ins. Co.,* 230 F.3d 759, 761 (5th Cir. 2000)

[20] "The notice of removal of a civil action or proceeding shall be filed within 30 days by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...."). The statute creates an exception when a case "by the initial pleading is not removable"; in such a case, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). *Holmes v. Bossier*, No. CV 20-880, 2020 WL 3482121, at *2 (E.D. La. June 26, 2020)

8

which is derived from the characterization of damages and claims of the plaintiff cited above in the Petition for Damages, from the summary judgment type evidence submitted herein, and the suit is between citizens of different states; thus, this suit is removable pursuant to 28 U.S.C. § 1441, *et seq*.

25.

Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

26.

Promptly after the filing of this Notice of Removal to the United States District Court for the Eastern District of Louisiana, a copy of this Notice will be filed with the Clerk of aforesaid State Court to affect the removal of this civil action to the United States District Court, Eastern District of Louisiana, as provided by law.

**WHEREFORE**, the above premises considered, Defendant, James River Insurance Company, prays that Civil Action No. 2019-13084, titled *Daniel Sharkey v. Progressive Security Insurance Company, Ricky Clarke Jermain, Frederick Williams, Jr., James River Insurance Company, and James River Insurance Company (in its capacity as underinsured motorist carrier)*, Docket No. 2019-11910, Division "I" pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed to this Court for trial and determination; that all further proceedings in the State Court be stayed; and that this Defendant has additional and further relief to which it may be entitled.

*(Signature of Counsel on the Following Page)*

9

Respectfully submitted,

*/s/ J. Reed Poole, Jr.*

_____

LYON H. GARRISON, Bar No. 19591
KEVIN F. TRUXILLO, Bar No. 30769
J. REED POOLE, JR., Bar No. 34034, T.A.
GARRISON, YOUNT, FORTE & MULCAHY, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for Defendant,*
*James River Insurance Company*