UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL SHARKEY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 20-2792** |
| | * | |
| **PROGRESSIVE SECURITY INSURANCE COMPANY, ET AL.** | * | **SECTION "L" (2)** |

## ORDER AND REASONS

Before the Court is Plaintiff Daniel Sharkey's Motion to Remand, R. Doc. 9. Defendant opposes this Motion, R. Doc. 10.

### I. BACKGROUND

This case arises from a November 18, 2018 automobile accident in Orleans Parish, Louisiana. R. Doc. 1-1 at 2. Plaintiff Daniel Sharkey was a passenger in an Uber vehicle driven by Frederick Williams, Jr., when the vehicle was struck by another car driven by Ricky Clark Jermain. *Id.* On November 13, 2019, Plaintiff filed suit in the Civil Judicial District Court for the Parish of Orleans against Mr. Jermain; Mr. Jermain's automobile insurer Progressive Security Insurance Company ("Progressive"); Mr. Williams, Jr.; and James River Insurance Company ("James River") as liability and underinsured motorist carrier of Plaintiff. *Id.* Plaintiff alleges that the collision was caused by the negligence of Mr. Jermain, or, alternatively, the negligence of Mr. Williams, Jr. *Id.* at 2-3. Plaintiff claims that he sustained mental and physical injuries due to the collision, including but not limited to mental pain and suffering; physical pain and suffering; medical expenses; inconvenience; and loss of enjoyment of life. *Id.* at 5. Plaintiff brings this suit under the Louisiana Direct Action Statute, La. R.S. 22:655, as well as the doctrines of respondeat superior, employer-employee, principal and agent, and insurer and insured. *Id.* at 3-4.

According to James River, on October 9, 2020, Plaintiff indicated his intent to dismiss Progressive and Mr. Jermain from the state court action in exchange for a settlement of $50,000. R. Doc. 1 at 3. On October 12, 2020, Defendant James River removed the lawsuit to this Court pursuant to 28 U.S.C. § 1332 and § 1441. *Id.* Plaintiff is a citizen of Lehigh, Pennsylvania, and James River is an Ohio corporation with its principal place of business in Virginia. *Id.* James River asserts the amount in controversy is in excess of $75,000 due to Plaintiff's current treatments and potential necessary surgeries. *Id.* at 5. James River asserts it properly removed this action pursuant to 28 U.S.C. § 1446(b)(3) by filing this motion within thirty days of receiving notice that Progressive and Mr. Jermain had settled with Plaintiff. *Id.* at 7-8. The only remaining defendant in this case is James River, a citizen of Pennsylvania, and an Ohio corporation with its principal place of business in Virginia. R. Doc. 1 at 3. Williams, Progressive and Jermain were previously dismissed from the case. R. Docs. 16; 20.

## II. PRESENT MOTION

On November 11, 2020, Plaintiff filed a motion to remand this case due to incomplete diversity at the time of filing the notice of removal. R. Doc. 9. Plaintiff alleges that Progressive, a Louisiana citizen, had not yet perfected its settlement with Plaintiff at the time of removal. *Id.* at 3. Plaintiff points out that as of November 11, 2020, the settlement between Progressive and Plaintiff was still pending. *Id.* Plaintiff asserts that removability should be determined at the time of removal without consideration of post-removal events. *Id.* at 3.

In opposition, James River argues that removal was proper since it filed its notice of removal within thirty days of receiving correspondence from Progressive of the parties' future settlement. R. Doc. 10 at 4. James River asserts that this correspondence constitutes "other paper" demonstrating that the case became removable as contemplated by 28 U.S.C. § 1446(b)(3). *Id.*

Defendant also contends that Plaintiff attempted in bad faith to prevent Defendant from litigating this case before the Court. *Id.* at 5. Defendant asserts that Plaintiff's delayed execution of the settlement with Progressive and Mr. Jermain to ensure that the periods for removal under 28 U.S.C. § 1446 would run out.

### III.  LAW AND ANALYSIS

#### a.  *Removal and Remand*

"Federal courts are courts of limited jurisdiction." *Transitional Hosps. Corp. of La. v. Am. Postal Workers Union Health Plan*, No. 09-6245, 2010 WL 187388, at *4 (E.D. La. Jan. 13, 2010); *see also Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "When a case is removed from state court, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Transitional Hospitals, Corp. of La*, 2010 WL 187388, at *5. 28 U.S.C. § 1441(a) permits a defendant to seek removal to a United States district court for the district and division where the state law claim is pending. 28 U.S.C. § 1441(a). If an action is removable solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), it may not be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569-570 (2004); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996). Under 28 U.S.C. § 1447(c), a party may attempt to remand a case due to lack of diversity at the time of filing within thirty (30) days of the notice of removal. 28 U.S.C. § 1447(c).

A longstanding exception to the time-of-filing rule is when dismissal of a party will cure jurisdictional defect. *16 Front Street, L.L.C., et al. v. Mississippi Silicon, L.L.C., et al.*, 886 F.3d

549, 555 (5th Cir. 2018) (citing *Grupo Dataflux*, 541 U.S. at 570). "Because the necessity of complete diversity at the time of removal is a statutory requirement rather than a jurisdictional necessity, if the non-diverse party is subsequently dismissed and only diverse parties remain, the lack of complete diversity at the time of removal does not require remand." *Weaver v. Murry*, No. 06-595, 2006 WL 1968912, at *1 (E.D. La. Jun. 21, 2006). Courts may also consider finality, efficiency, and economy, which may overcome "lack of diversity at the time of removal, so long as diversity later exists." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 75 (1996); *see also Weaver*, 2006 WL 1968912 at *2; *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998). Further, "if a case 'on its face' is not removable, a defendant has thirty days from the receipt of an amended pleading, motion or other paper demonstrating that the case has become removable to remove the case to federal court. *Cox v. United Parcel Serv., Inc.*, CIV. A. 99-2045, 2000 WL 28176, at *2 (E.D. La. Jan. 12, 2000) (citing 28 U.S.C. § 1446(b)). The Fifth Circuit has held that the words "amended pleading," "motion," "order," and "other paper," "clearly refer to actions normally and logically occurring after the filing of the initial pleading." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992).

A case may not be removed on the basis of diversity over one year from commencement of the action "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Here, James River alleges that Plaintiff has acted in bad faith in order to prevent its removal within this one-year time limit. R. Doc. 10 at 5.

    b. ***Discussion***

Although the parties lacked diversity at the time of removal, Progressive, the forum state defendant, has since been dismissed from this case. The only remaining parties are Plaintiff and

James River, so complete diversity now exists. Clear precedent from the United States Supreme Court and Fifth Circuit provides that diversity may be cured when the forum-state defendant is dismissed following removal, as long as the "federal jurisdictional requirements are met at the time judgment is entered." *Caterpillar v. Lewis,* 519 U.S. 61, 64 (1996). This case is still in its infancy, and a trial date has yet to be set. Further, there is no indication that remanding this case to the Civil Judicial District Court for the Parish of Orleans would be efficient or economical at this time. Moreover, there is a pungent aroma of an attempt to thwart the Court's jurisdiction hovering over this case which further supports retaining jurisdiction. Accordingly, the Court finds that the previous jurisdictional effect was sufficiently cured, and the parties may proceed before the Court.

IV. **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, R. Doc. 9, is **DENIED.**

New Orleans, Louisiana, this 11th day of March 2021.

*[signature: Eldon E. Fallon]*
UNITED STATES DISTRICT JUDGE